| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | Index No.: 18-cv-05256<br><br>**Date of Service: May 1, 2020** |

TONG FU KIANG

                Plaintiff(s),

   -against-

YUMMY ORIENTAL RESTAURANT, INC.
     d/b/a Yummy Oriental,
ORIENTAL PORT WAHSHINGTON, INC.
     d/b/a Yummy Oriental,
YUMMY PORT WASHINGTON RESTAURANT, INC.
     d/b/a Yummy Oriental,
TONG HOWE TAN, and
KOK HOBI LOOI,

                Defendant(s).

---

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

---

                                                      **Kevin Tung**
                                                      KEVIN KERVENG TUNG, P. C.
                                                      136-20 38th Avenue, Suite 3D
                                                       Flushing, New York 11354
                                                      Telephone: 718-939-4633
                                                      e-mail: ktung@kktlawfirm.com
                                                      Attorneys for Defendants

## PRELIMINARY STATEMENT

Since in or about 2008, Plaintiff Tong Fu Kiang ("Kiang") worked as a cook for the restaurant operated by Yummy Oriental Restaurant, Inc., ("Yummy") through around August, 2018. Plaintiff Kiang commenced the instant action against Yummy and its owner Tong Howe Tan ("Tan") for the alleged wage violations under Fair Labor Standard Act ("FLSA") 29 U.S.C. § 201 et seq. and New York Labor Law ("NYLL") on September 18, 2018. Tan became the owner of Yummy in 2012. Later on, Plaintiff Gang Qiu joined the case as a co-plaintiff alleging the same claims against Defendants on September 2, 2019

Yummy is a small Chinese take-out restaurant located in Port Washinton, New York.

Because Yummy never met the statutory threshold of $500,000 in gross annual sales, Plaintiffs were not "covered" employees under FLSA, and thus, Plaintiffs failed to state a cause of action under FLSA against Yummy.

Where all federal claims are dismissed prior to trial, it is generally appropriate to dismiss without prejudice any state claims. Moreover, if the Court takes discretion and applies supplemental jurisdiction to Plaintiff's state claims, Plaintiff fails to state a valid cause of action for his sixth and eighth claims because the New York law does not provide a private action for those claims and because Plaintiff fails to sufficiently plead the elements of his claims.

Accordingly, Defendants hereby move the Court to dismiss Plaintiffs Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and (d) and 56.

## ARGUMENT

**I. Standard of Review Under Rule 12(B)(6) and (d) and Rule 56.**

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard." Which is guided by two working principles. First, although the Court must accept all allegations

as true, this tenet is inapplicable to legal conclusion. Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice. Second, only complaints that state a plausible claim for relief can survive a Rule 12(b)(6) motion to dismiss. Determining whether a complaint does so is a context specific task that requires the reviewing court to draw on its judicial experience and common sense. *Zaldivar v. Anna Bella's Café, LLC.* 11-CV-1998 JS ETB, 2012 WL 642828, at * [EDNY Feb. 28, 2019]

In deciding a Rule 12(b)(6) motion, the Court is confined to the allegations contained within the four corners of the complaint. This has been interpreted broadly to include any document attached to Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relief, and anything of which judicial notice may be taken. Consideration of matters beyond those just enumerated requires the conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. *Id.*

"Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings. *Id.* at *4, citing *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. See *Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 [1986].

For a motion for summary judgment, "the movant bears the burden of demonstrating the absence of a material factual questions; In making this determination, the Court must view all facts in the light most favorable to the non-movant." *Alvarez v. 40 mulberry rest., Inc.*, 2012 U.S. Dist.

LEXIS 143317, 8, 20 Wage & Hour Cas. 2d (BNA) 1264, 2012 WL 4639154 [S.D.N.Y. Oct. 3, 2012], citing *Celotex Corp.*, 521 F.3d 130, 132 [2d Cir. 2008].

Where, as here, the employee plaintiff bears the burden of proof at trial for his wage and overtime claims under FLSA, the defendants may show prima facie entitlement to summary judgment in one of two ways: (1) the defendants may point to evidence that negate the plaintiff's claim or (2) the defendants may identify those portions of the plaintiff's evidence that demonstrate the absence of a genuine issue of material fact. See *Jian Long Li v. Li Qin Zhao*, 35 F Supp 3d 300, 305 [EDNY Aug. 8, 2014], citing *Salahuddin v. Goord*, 467 F.3d 263, 272-73 [2d Cir. 2006]; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 [1986] (holding that there is no express or implied requirement that the defendants negate the plaintiff's claim with evidence of their own, as long as they point out to the district court … that there is an absence of evidence to support the plaintiff's case.)

"If the defendants meet their burden, the plaintiff must go beyond the pleadings and … designate specific facts showing that there is genuine issue for trial." *Jian Long Li v. Li Qin Zhao*, 35 F Supp 3d 300, 304 [EDNY Aug. 8, 2014], citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 [1986].

"Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93, 101, 2001 U.S. App. LEXIS 5145, 85 Fair Empl. Prac. Cas. (BNA) 323, 82 Empl. Prac. Dec. (CCH) P40,939 [2d Cir. 2001], citing *Anderson*, 477 U.S. 242, 248, 91 L. Ed 2d 202, 106 S. Ct. 2505 [1986], *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998); See also, *Woodman v. WWOR-TV, Inc.* 411 F.3d 69, 75 [2d Cir, 2005].

Therefore, the non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that tis version of the events is not wholly fanciful. *Golden Pac. Bancorp v. FCIC*, 375 F.3d 196, 200 [2d Cir. 2004]; See also *Alvarez*, 2012 U.S. Dist. LEXIS 143317, 8, 20 Wage & Hour Cas. 2d (BNA) 1264, 2012 WL 4639154 [S.D.N.Y. Oct. 3, 2012] ("A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment, because conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist.) *Jian long Li v. Li Qin Zhao*, 35 F Supp 3d 300, 304 [EDNY Aug. 8, 2014].

## II.  Overtime Wage Violation under FLSA.

Plaintiffs' cause of action for overtime wage violation under FLSA must be dismissed under Rule 12(b)(6) because Plaintiffs have failed to adequately plead enterprise coverage.

"Rather than plead specific facts that establish coverage, the Complaint merely recites the statutory elements of FLSA coverage: 'Defendant Corporation is engaged in commerce. Defendant Corporation has revenues in excess of $500,000.00 per year,' Such a formulaic recitation of the elements of a cause of action will not due." *Zaldivar v. Anna Bella's Café, LLC.*, 11-CV-1198 JS ETB, 2012 WL 642828, at *4 [EDNY Feb. 28, 2012], citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed2d 929 (2007) and *Morrow v. J W Elec., Inc.*, No. 11-CV-1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011).

"Employee coverage is an element of the plaintiff's FLSA claim." *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014). To prove employee coverage, Plaintiff must demonstrate that, among other things, the enterprise for which he was employed had an "annual gross volume of sales made or business done [that] is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(ii). If an enterprise

done not make $500,000 or more in annual gross volume of sales made or business done, then the employee does not fall within the coverage of FLSA.

Here, rather than plead specific facts that establish coverage, Plaintiffs in their Motion for Summary Judgment did not mention the statutory elements of FLSA coverage and nowhere in the Motion for Summary Judgment mentioned whether Defendant had gross sales in excess of $500,000.00 per year in revenue.

Such a formulaic recitation of the elements of a cause of action without factual support is insufficient to state a claim and shall be dismissed under Rule 12(b)(6).

Second, a threshold issue in ay FLSA case is whether the Plaintiffs are covered employees under the statute. To establish enterprise coverage under FLSA, the plaintiffs must demonstrate that the employees engage in commerce or handle, sell, or otherwise work on goods and materials that have been moved in commerce and the enterprise has at least $500,000.00 in annual gross volume of sales made or business done. See *Jian Long Li v. Li Qin Zhao*, 35 F Supp 3d 300 [EDNY 2014].

When the "record as a whole" — namely, defendant corporation's tax returns and bank account statement — merely "points" to the conclusion that a jury would rule in defendant's favor, and not plaintiff's, based on the fact that the restaurant did not meet the $500,000.000 threshold in terms of gross sales; and when plaintiff has one nothing to alter that balance to prove a "genuine" dispute for trial, the Court find no evidence of an issue for trial relating to enterprise coverage. See. *Id.* at 307.

Here, in the Plaintiff's proffered undisputed statement of facts, Plaintiff attached Defendants' tax returns for the years of 2012 to 2017. (See Exhibit A-F), Defendant's Corporation Income Tax Returns indicate that Defendant's annual gross revenue is far below $500,000.00. As

the Corporation Income Tax Return show, the restaurant's gross receipts or sales were $110,351 for the year of, 2012; $194,759 for the year of 2013; $196,446 for the year of 2014; $206,931 for the year of 2015; $249,137 for the year of 2016; $252,800 for the year of 2017.

These tax returns show there is not even a single year the gross revenue of Yummy exceeds $500,000. Furthermore, the restaurant's bank account statements also support Defendants' position that Yummy's annual revenue does not meet the threshold requirement of FLSA, which favoring Defendant on summary judgment. In this case, the restaurant's gross income was deposited into its bank account after paying 1) owner's and workers' salaries, 2) purchasing inventory for the kitchen, and 3) some seasoning materials.

Although Yummy's Income Tax Return for 2018 and 2019 are provided by the Plaintiffs as they were available at the time of discovery, a reasonable jury may safely infer from the available records for the relevant time and conclude that the restaurant's gross income for the tax years of 2018 and 2019 were far below $500,000.00 as well. Plaintiff not proffer any explanation as to any special event that will make Yummy's annual gross revenue significantly differs from the years before 2012 through 2017 and for the years of 2018 and 2019.

Because the "records as a whole —— namely, Defendant's tax returns, bank account statements, expense records —— merely "points' to the conclusion that a jury would rule in Defendant's favor, and not in Plaintiffs' favor, based on the fact that the restaurant did not meet the $500,000 threshold in terms of gross sales Plaintiff has failed to state a claim under FLSA.

Even though Plaintiffs dispute the accuracy of Yummy's Income Tax Returns, it is immaterial. "It is not enough for [the plaintiff] to argue that the tax return did not credibly report the restaurant's gross sales, when considered alongside its costs, without furnishing 'concrete' and 'affirmative' evidence to support the conclusion that the restaurant's gross sales were more than

$500,000 every year." *Jian Long Li,* 35 F. Supp. 3d at 306 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 256 (1986), and *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998)).

**III.     The Remaining State-Claims.**

"[I]n the usual case in which all federal -law claims are eliminated before trial, the relevant factors of judicial economy, convenience, fairness, and comity, which the district court should consider before declining to exercise supplemental jurisdiction under 28 U.S.C §1367(c), will point toward declining to exercise jurisdiction over the remaining state-law claim." *Jian Long Li v. Li Qin Zhao*, 35 F Supp 3d 300, 309 [EDNY 2014]. In the instant action, because Plaintiffs are unable to maintain their federal claims under FLSA, it will be appropriate to dismiss Plaintiffs remaining state claims.

**IV.     Plaintiff's Motion for Summary Judgment Shall be Denied Because Genuine Dispute exists as to Whether Kiang was Covered under FLSA's Executive Exemption.**

The FLSA's overtime pay provision does not apply to "any employee employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). Whether an individual employee falls within that exemption is a mixed question of law and fact that depends upon the actual job characteristics and duties of the employee. See *Myers v. Hertz Corp.,* 624 F.3d 537, 548 (2d Cir. 2010) (citing *Holzapfel v. Town of Newburgh,* 145 F.3d 516, 521 (2d Cir. 1998)). The employer bears the burden of establishing that the employee falls within the exemption. See *Corning Glass Works v. Brennan,* 417 U.S. 188, 196-97, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974). Because inquiries into employees' FLSA-exempt status are fact-intensive, "[e]ven where there has been full discovery, courts are often reluctant to grant summary judgment based on [an FLSA] *exemption*." *Indergit v. Rite Aid Corp., Nos.* 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 U.S. Dist. LEXIS 32322, 2010 WL 1327242, at *7 (S.D.N.Y. Mar. 31, 2010).

Courts have deferred to the Department of Labor's regulations defining the FLSA's executive exemption. See, e.g., *Ramos v. Baldor Specialty Foods, Inc.,* 687 F.3d 554, 560-61 (2d Cir. 2012). The Department of Labor classifies employees as "executive" if 1) they are "[c]ompensated on a salary basis"; 2) their "primary duty is management of the enterprise ... or of a customarily recognized department or subdivision thereof"; 3) they "customarily and regularly direct[ [*5] ] the work of two or more other employees"; and 4) they "ha[ve] the authority to hire or fire other employees or" if their "suggestions and recommendations" on personnel decisions "are given particular weight." 29 C.F.R. § 541.100(a)(1)-(4).

In his deposition, Kiang stated that, among other things, that he

a. was the chief chef in Yummy, had a variety of responsibilities, took actions on his own initiative without Tan's instructions, (Ex G, Kiang's Transcript at Pg 16:23 – Pg 20:4);

b. dispatched works and duties to other kitchen helpers (Ex G, Kiang's Transcript at Pg 22:9-15);

c. made recommendations to Tan regarding the qualifications and terminations of newly recruited cooks (Ex G, Kiang's Transcript at Pg 25:6-22; Pg 30:7 – Pg 31:12),

d. controlled and maintained the qualities of the dishes (Ex G, Kiang's Transcript at Pg 27:8-15);

e. determined how a dish should be cooked (Ex G, Kiang's Transcript at Pg 35:3-15);

f. assisting Tan in making orders of kitchen appliances (Ex G, Kiang's Transcript at Pg 35:16 - Pg 35:12);

g. had a sense of responsibility in maintaining the sanitary condition of the kitchen. (Ex G, Kiang's Transcript at Pg 37:18-22);

h. was the only one employee who had the key to the restaurant. (Ex G, Kiang's Transcript at Pg 47:12- 14; Pg 48:4-16);

j. placed orders of ingredient directly from vendors when Tan was abroad. (Ex G, Kiang's Transcript at Pg 49:13-16).

As showed above, in this case, numerous unresolved issues of fact bear upon whether managerial work constituted Kiang's primary duty.

Under these circumstances, the Court must find that there are genuine issues of material fact concerning whether Kiang was covered under FLSA's executive exemption.

## V. Conclusion.

A threshold requirement necessary to state a claim for relief under FLSA is that the enterprise has at least $500,000.00 in annual gross volume of sales made or business done. In the instant action, summary judgment is appropriate because the record demonstrates that Plaintiffs were not "covered" employees under FLSA when Defendant never met such threshold requirement.

Because Plaintiffs are unable to maintain their federal claims, the remaining state claims shall be dismissed without prejudice.

Alternatively, Plaintiff's Motion Summary Judgment shall be denied as genuine dispute of facts exists as to whether Kiang was under FLSA's executive-exemption.

Therefore, Defendants move the Court for an order

1. granting Defendants' Motion Summary Judgment;

2. dismissing the Plaintiffs' Complaint in its entirety;

3. denying Plaintiff's Motion for Judgment; and

4. for such and other relief as to the Court may seem just and proper, together with attorney's fees, costs, and disbursements of this action.

Dated: Queens, New York
May 1, 2020

                                                    Respectfully submitted
                                                    /s/ Kevin Tung
                                                    Kevin Tung, Esq.
                                                    KEVIN KERVENG TUNG, P.C.
                                                    *Attorneys for Defendants*
                                                    136-20 38th Ave, Suite 3D
                                                    Flushing, New York 11354
                                                    (718) 939-4633